UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-134 |
| | § | |
| R VARA, *et al*, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER OF TRANSFER

This action was initiated by Reynaldo Flores, who is incarcerated at TDCJ-CID's Cotulla Transfer Facility in LaSalle County, Texas (D.E. 1). Though the action was filed as a lawsuit pursuant to 42 U.S.C. § 1983, Flores appears to be challenging the validity of his conviction, as well as seeking monetary and injunctive relief against the named Defendants, and he requests the filing of criminal charges against the Defendants. Flores named as Defendants a former and present Bexar County Assistant District Attorney, his trial counsel, the foreman of the Bexar County Grand Jury, and several San Antonio Police Department officers and detectives. Plaintiff was convicted in Bexar County in 2010 and 2011 of Assault-Family Violence, and is serving prison terms related to those convictions (D.E. 1).[1]

---

[1] The TDCJ website lists Plaintiff's holding convictions, but does not mention the length of his sentences. http://offender.tdcj.state.tx.us/OffenderSearch.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Almost all of the Defendants in this case are located in Bexar County, Texas,[2] and the events giving rise to the lawsuit occurred there. Bexar County is located in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4). Flores is incarcerated in the Laredo Division of the Southern District of Texas. 28 U.S.C. § 124(b)(3).

On the other hand, to the extent that Flores is challenging his conviction, the matter sounds in habeas and may be filed either in the district where petitioner is in custody or in the district in which he was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). Because most of the Defendants are located in the San Antonio Division of the Western District of Texas, and the records of Flores's conviction and the witnesses are located there, it is more convenient and would further the interests of justice for this action to be handled in the San Antonio Division, regardless of whether it is treated as a habeas petition or a civil rights lawsuit.

---

[2] Plaintiff does complain that one witness, Edward Garcia, lived in Corpus Christi, Texas, but the events that led to the criminal charges occurred in Bexar County, Texas (D.E. 1 at pp. 3-18).

Accordingly, the Clerk shall transfer this action to the San Antonio Division of the Western District of Texas.  All pending motions are denied as moot, subject to being reactivated after the transfer.

SIGNED and ENTERED on ___3 | 23 | 15___.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE